EUGENE H. MOSHER *et al.*

*v.*

HENRY FUNK *et al.*

*Opinion filed February 21, 1902.*

STATUTE OF FRAUDS—*written manifestation of trust may appear in the correspondence of the parties.* It is not necessary that the writing manifesting or proving a trust shall have been framed for the purpose of acknowledging the trust nor that it shall be in any particular form, but may appear from the correspondence of the parties.

APPEAL from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding.

CHAFEE & CHEW, for appellants.

W. C. KELLEY, and J. C. & W. B. McBRIDE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Henry Funk and Sarah Ann Funk, his wife, formerly lived on a farm in Shelby county. They had no children and took Gertrude Campbell, a child six or seven years old, into their family and raised her. They left the farm and moved to Pana, where Henry Funk went into business. In March, 1891, Gertrude was married to Eugene Mosher, a lawyer of Milwaukee, and went to that city to live. In December, 1896, Henry Funk deeded one hundred and twenty acres of the farm to his wife, Sarah Ann Funk, and shortly afterward made an assignment for the

benefit of his creditors, with David Travis as assignee. On February 5, 1897, about a month after the assignment, the Moshers wrote a letter addressed to the Funks as "pa and ma," saying that they could take eighty or one hundred and twenty acres of land and hold it until the Funks could straighten up again. Several letters passed between the families relative to the financial trouble and the Bankrupt law, but nothing was done about the land. Mrs. Funk visited Gertrude at her home in Milwaukee twice in the year 1898, and in December of that year she sent seven dollars to Eugene Mosher to come to Pana. He came, and on December 19, 1898, Mrs. Funk and her husband made a deed intended to convey the one hundred and twenty acres to Gertrude Mosher. There was a mistake in describing one forty-acre tract by putting it in the wrong section. There was no consideration for the conveyance, but Mosher advised about the affair that there should be a plausible consideration in sight. For the purpose of making an appearance of a consideration, Funk gave Mosher a check for $525, which he, in turn, gave to Mrs. Funk, and the Moshers afterward made deeds to two houses and lots in Racine, which were not to be recorded, and were not, and were subsequently returned. The check and lots, with natural love and affection, were used to make an appearance of a consideration. Mrs. Funk was expecting to go to Decatur to have a surgical operation performed, and Mosher also drew a will for her. On January 29, 1899, David Travis, who was a neighbor and assignee of Henry Funk, wrote a letter to the Moshers, which Mrs. Funk signed, asking them to give Funk the will and to sign an enclosed deed conveying eighty acres of the land to E. S. Travis, wife of David Travis. The letter also stated that the other forty was misdescribed in the first deed and that the title remained in Mrs. Funk. Henry Funk went to Milwaukee with the letter, and Eugene Mosher gave him the will but said he would come to Pana with the deed. Thereupon, on Janu-

ary 31, 1899, Gertrude Mosher conveyed the land to her husband, Eugene Mosher, and the deed was recorded. Eugene Mosher went to Pana on February 1, 1899, but did not make any deed to Mrs. Travis, claiming that he was willing to do whatever Mrs. Funk directed, but that she did not want the deed made and wanted the land left as it was. Mrs. Funk made another will, and died February 9, 1899. Neither of the Moshers ever took possession of the land or had any control over it, and never received any of the rents and profits. Gertrude Mosher filed a bill to correct the mistake in the deed from Sarah Ann Funk and husband to her as to the forty acres, making Henry Funk and the heirs of Mrs. Funk defendants, and this suit was begun to declare and enforce a trust in the premises. By the amended bill the appellee, Henry Funk, prayed that the appellants, Gertrude Mosher and Eugene Mosher, should be required to execute the trust by a conveyance of the property. Appellants, by their answer, denied the alleged trust, but on a hearing the court found the material facts alleged in the amended bill to be true, and ordered that appellants, within sixty days, should execute and deliver a conveyance of the land to Thomas Cartmell, as trustee, to hold the same in trust for the benefit of said Henry Funk and all beneficiaries of the estate of said Sarah Ann Funk, deceased, and in default of such conveyance the master in chancery was ordered to execute the same, and the appellants to pay the costs of suit.

The facts above stated were proved on the hearing, and they make it quite clear that the conveyance from Sarah Ann Funk and her husband, the complainant, Henry Funk, to Gertrude Mosher, was in trust for said Sarah Ann Funk. It was a conveyance without consideration, to a grantee standing in a confidential relation, in pursuance of an understanding that the grantee was to hold the land for Mrs. Funk. The defendants, however, by their answer set up and pleaded that there was never any

194—23

declaration or creation of a trust manifested or proved
by any writing, and relied upon the Statute of Frauds
as a defense. It is not necessary that the writing·mani-
festing or proving a trust shall have been framed for the
purpose of acknowledging the trust, or that it shall be in
any particular form, and it may appear in correspondence
between the parties. (*Kellogg* v. *Peddicord,* 181 Ill. 22.)
Letters of the Moshers in this case were sufficient recog-
nition and admission of the trust and show the object
and the nature of it. By their answer filed in the case
they admit that they never received any of the rents and
profits and were not entitled to them, but concede that
Henry Funk was to have them during his lifetime, and
say that they are ready and willing that he shall continue
to have them as long as he lives. This is an admission
of some sort of a trust, but the evidence does not justify
an inference that the trust was for Henry Funk. It was
in favor of Sarah Ann Funk, and the beneficial interest
passed to her heirs or devisees. The request in the letter
written by David Travis for a conveyance to his wife,
E. S. Travis, was a mere plan to change the trustee.
There was no consideration from Mrs. Travis and no in-
tention of Sarah Ann Funk to dispose of the land to her
or to create a new or different trust. It appears in the
evidence that Mrs. Funk executed two wills, but it does
not appear whether this land passed by devise or inher-
itance. In either event, Henry Funk, as surviving hus-
band, would have an interest. The decree provided that
the land should be conveyed to a new trustee, to hold it
in trust for the benefit of said Henry Funk and all bene-
ficiaries of the estate of said Sarah Ann Funk, deceased.
This is a decree, in substance, that the trust was for
Sarah Ann Funk, and the trustee is to hold the prop-
erty for those who have become entitled to it as heirs
or devisees.

The decree is affirmed.                *Decree affirmed.*